**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **ESTATE OF ARTHUR DOWLING,** | ) | **CASE NO. 1:08CV1655** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| vs. | ) | **OPINION AND ORDER** |
| | ) | |
| **METROPOLITAN LIFE INSURANCE** | ) | |
| **COMPANY, et al.,** | ) | |
| **Defendants.** | ) | |

**CHRISTOPHER A. BOYKO, J.**:

        This matter comes before the Court upon the Motions (ECF DKT #19 & ECF DKT #20) of Defendants, Metropolitan Life Insurance Company ("MetLife"), Fidelity Investments, more properly identified as Fidelity Investments Institutional Operations Company, Inc., ("Fidelity"), and Linda M. Dowling, to Affirm the Administrators' Decision and for Entry of Judgment on Administrative Record.  For the following reasons, the Motions are granted; judgment is entered affirming the fiduciaries' determinations to pay the basic Group Life Insurance Benefits and the GM Savings Plan account balance to the designated beneficiary, Linda Dowling; and the Plaintiff Estate's claims are dismissed with prejudice.

**I. BACKGROUND**

        Plaintiff, Estate of Arthur V. Dowling, Sr., instituted this action on June 10, 2008, in the Court of Common Pleas, Ashtabula County, State of Ohio.  Defendants, MetLife and Fidelity, timely removed the action to this Court on July 9, 2008, based upon federal question jurisdiction.  The Plaintiff Estate seeks entitlement to, and payment of, certain life insurance benefits under the GM Life Plan and the assets held in the account of Arthur V. Dowling, Sr.,

Deceased, in the GM Savings Plan, payable by reason of the death of Arthur V. Dowling, Sr.,

a former employee of General Motors Corporation and a participant in the Plans.

The GM Life Plan is an employee welfare benefit plan, as defined at Section 3(1) of

the Employee Retirement Income Security Act of 1974, as amended, ERISA, 29 U.S.C.

§ 1002(1).  The GM Savings Plan is an employee pension benefit plan, as defined at Section

3(2) of ERISA, 29 U.S.C. § 1002(2).  Defendant MetLife funds the Group Life Insurance Plan

and is responsible for claims administration and determinations under such group policy.

Defendant Fidelity provides recordkeeping services to the Savings Plan and currently holds

assets for the benefit of Defendant, Linda M. Dowling.

After the death of Arthur V. Dowling on August 5, 2007, Linda Dowling, the

designated beneficiary under the GM Life Plan, submitted a claim for the life insurance

benefits.  Rival claims for the life insurance benefits were submitted by Theresa Dowling,

Arthur Dowling, Jr., David Dowling and Leroy Dowling, the children of Decedent and the

beneficiaries of the Estate.  They contended Linda Dowling had specifically disclaimed any

interest in the Pension Plan and/or any other employee benefits in the Decree of Dissolution

of Marriage (Ashtabula County Vol. 274, pp. 00350-00352, *et seq*.) dated April 26, 1993.  On

February 22, 2008, the Dowling children were advised their claims were denied and that an

appeal procedure was available to them.  None of the rival claimants utilized the appeal

procedure under the GM Life Plan.

Defendant, Linda M. Dowling, is also the designated beneficiary to receive assets held

in the account of Arthur V. Dowling, Sr., under the GM Savings Plan.  After Decedent's

death, Fidelity received a letter from the Dowling children, contesting the entitlement of

-2-

Linda Dowling to the account balance under the GM Savings Plan and asserting the

Decedent, by mistake or inadvertence, failed to change the beneficiary designation after his

divorce.  On October 30, 2007, the Dowling children were advised the account balance would

be paid to the designated beneficiary, Linda Dowling, in thirty days unless further information

was submitted.  In a February 15, 2008 letter to Fidelity, Attorney John M. Gundy, Jr.

claimed Linda Dowling had waived any entitlement to the account balance.  The Dowling

children did not avail themselves of the appeal procedure under the GM Savings Plan.

Fidelity transferred the account balance to a separate account in the name of Linda Dowling,

the designated beneficiary.

At the Case Management Conference conducted on August 26, 2008, the Court made

the following entry: "Cross-briefs on all issues shall be filed by all parties (including

Defendant Linda Dowling once she is joined) by January 25, 2009.  Cross Briefs in

Opposition shall be filed by 2/25/09.  No replies."  On Monday, January 26, 2009, motions

and supporting briefs were filed by all the Defendants.  As of this date, Plaintiff Estate has not

filed its brief.

## II. LAW AND ANALYSIS

### Preemption

The GM Life Plan and the GM Savings Plan are employee benefit plans as defined

under ERISA, 29 U.S.C. § 1002(1) & (2).  Participants in employee benefit plans may bring

civil actions to recover benefits allegedly due to them.  Section 502(a)(1)(B) of ERISA, 29

U.S.C. § 1132(a)(1)(B).  Thus, the Plaintiff Estate's claims for life insurance and savings plan

funds arise exclusively under Section 502(a)(1)(B); and the state law claims of breach of

contract against Linda Dowling and tortious interference with contract brought against

Fidelity and MetLife are preempted.

**ERISA and Qualified Domestic Relations Orders (QDRO's)**

Under the terms of the GM Plans and the governing law, when there is no qualified

domestic relations order ("QDRO"), meeting the criteria under 29 U.S.C. § 1056(d)(3), to the

contrary, MetLife and Fidelity are required to pay the life insurance benefits and the GM

Savings Plan account balance to the designated beneficiary.

According to Section 206(d)(1) of ERISA, 29 U.S.C. § 1056(d)(1), "[e]ach pension

plan shall provide that benefits provided under the plan may not be assigned or alienated."

However, Section 206(d)(3) of ERISA excepts QDRO's from the anti-alienation requirement.

Further, ERISA excepts QDRO's from preemption with regard to welfare and pension plans.

*Metropolitan Life Insurance Company v. Marsh*, 119 F.3d 415, 421 (6th Cir. 1997).

To constitute a QDRO, the order must satisfy the mandates of Section 206(d)(3)(C):

(1) the order must state the name and address of the alternate payee, Section 206(d)(3)(C)(i);

(2) the order must state the amount or percentage of the participant's benefits to be paid by

the plan to each alternate payee, Section 206(d)(3)(C)(ii); and (3) the order must identify the

name of the plan to which it applies, Section 206(d)(3)(C)(iii).

Neither the Dowlings' Decree of Dissolution of Marriage, nor their Separation

Agreement, entered in the Court of Common Pleas of Ashtabula County on April 28, 1993,

satisfies the requirements of a QDRO under Section 206(d)(3).  These documents do not

identify any alternate payee who is to receive the life insurance benefits or the Account

Balance; do not identify the Plan; do not refer to the beneficiary designation; nor refer to the

beneficial interest payable upon death. The Separation Agreement merely states that "each of the parties hereby releases and waives any claim he or she may have in any Plans titled in the name of the other party or held for his or her benefit; and each party shall have full and absolute title to, or beneficial interest in, any such Plans now titled in his or her name, or held for his or her benefit, free from any claim of the other party now and forever."  Exhibit G, Administrative Record, p.108.

Very recently, on January 26, 2009, the United States Supreme Court reinforced these concepts, holding, in the absence of a qualified domestic relations order to the contrary, the Plan Administrators of ERISA Plans must pay Plan benefits in accordance with Plan documents, i.e., they must pay benefits to the designated beneficiaries.  *Kennedy v. Plan Administrator for the DuPont Savings and Investment Plan, et al.*, 129 S.Ct. 865 (2009).

**Court Orders in Above-Captioned Case**

As was noted previously, the Court conducted a Case Management Conference on August 26, 2008.  All counsel appeared telephonically or in person.  The Court instructed the parties as follows : "***Cross-briefs on all issues shall be filed by all parties*** (including Defendant Linda Dowling once she is joined) by January 25, 2009.  Cross Briefs in Opposition shall be filed by 2/25/09.  No replies." and memorialized that Order in a minutes entry.  All the Defendants complied; but Plaintiff has yet to file a brief on the issues raised in the Complaint.  Consequently, the Court deems Plaintiff's claims abandoned.  Because of Plaintiff's failure to abide by the Court's Order, Plaintiff is prohibited from opposing Defendants' briefs at this late juncture.  It would be inequitable to allow Plaintiff to wait until after reading and reviewing Defendants' filings to assert its position; since, in effect,

Defendants would be denied their right to respond according to the Court's schedule.

### III. CONCLUSION

Defendants have established, without opposition from Plaintiff, that under the controlling law and pursuant to the terms and provisions of the GM Plans, the fiduciaries were obligated to discharge their duties by paying the Group Life Insurance Benefits under the GM Life Plan and the account balance held in the GM Savings Plan to the designated beneficiary, Linda M. Dowling, because the Decree of Dissolution and the Separation Agreement do not constitute a qualified domestic relations order ("QDRO").  Therefore, Defendants' motions are granted; judgment is entered affirming the fiduciaries' determinations to pay the basic Group Life Insurance Benefits and the GM Savings Plan account balance to the designated beneficiary, Linda M. Dowling; and the Plaintiff Estate's claims are dismissed with prejudice.

Defendants, MetLife, Fidelity, and Linda M. Dowling, have requested an award of reasonable attorney fees necessarily incurred in defending the claims against them pursuant to 29 U.S.C. § 1132(g).  Defendants shall submit an itemized request, supported by an affidavit outlining counsel's hourly rate, hours expended, and relevant work performed, on or before February 20, 2009.  Plaintiff shall submit a written brief with any objections on or before February 27, 2009.

**IT IS SO ORDERED.**

**DATE: February 13, 2009**

 **S/Christopher A. Boyko**
**CHRISTOPHER A. BOYKO**
**United States District Judge**